JOHN W. SLABY, Corporation Counsel, Price County
You pose the following question: Must the owner of the fee simple interest in the surface of land (surface owner) do anything to acquire the rights to the minerals beneath the surface owner's land when the owner of the lapsed mineral rights, who is not the surface owner, failed to record a statement of claim to or otherwise use the interest in the mineral rights before July 1, 1987?
The answer is that the surface owner should record with the register of deeds a claim to the lapsed mineral rights. (Statutory references in this opinion are to subsections or paragraphs of section 706.057, Stats.)
Subsection (2) specifies what is deemed to be a use of mineral rights. It provides:
 [A]n interest in minerals is used if any of the following occur:
 (a) Any minerals are mined in exploitation of the interest in minerals.
 (b) A conveyance of mineral interests is recorded under this chapter.
 (c) Any other conveyance evidencing a transaction by which the interest in minerals is created, aliened, reserved, mortgaged or assigned is recorded under this chapter.
 (d) Property taxes are paid on the interest in minerals by the owner of the interest in minerals. *Page 62 
 (e) The owner of the interest in minerals records a statement of claim under sub. (4) or (5) concerning the interest in minerals.
Subsection (3) provides that the separate interest in minerals lapses if such interest was not used during the previous twenty years except that there will not be a lapse if the interest in minerals is used, as defined in subsection (2), during the three year period immediately before July 1, 1987.
Subsection (4) sets forth the requirements for the recording of a statement of claim of the mineral rights.
Subsection (5) provides that the owner of an interest in minerals may cure the lapse provided for in subsection (3) if the owner records a claim pursuant to subsection (4) before the surface owner records a claim under subsection (6)(a) or before a statement of claim takes effect under subsection (6)(b)1., whichever is later.
Paragraph (6)(a) provides that the surface owner may record a statement of claim to the lapsed interest in mineral rights at any time. Subparagraph (6)(b)1. provides that a surface owner's claim, recorded before the lapse of the separate claim of mineral rights, takes effect when the interest in mineral rights lapses, except that under subparagraph (6)(b)2., a surface owner's claim to the mineral rights recorded before the lapse of the mineral rights is void six years after the statement of claim is recorded if the interest in mineral rights does not lapse during that six year period.
From the discussion above, we see that if the owner of the interest in minerals did not use them, as defined in subsection (2), for a period of twenty years prior to July 1, 1984, and failed to use the mineral rights or record a statement of claim prior to July 1, 1987, the separate interest in the minerals automatically lapses by virtue of subsection (3). Nevertheless, under subsection (5), a separate mineral rights owner can cure the lapse by recording a claim to the minerals pursuant to subsection (4) if the *Page 63 
recording is accomplished before the surface owner records a claim pursuant to subsection (6).
Conversely, under subsection (6), if a surface records a claim to the lapsed mineral rights before the separate mineral rights owner records, the surface owner can effectively cut off the mineral rights owner's right to cure the lapsed interest in minerals (except that under subparagraph (6)(b)2. the surface owner's recorded claim is void if the separate ownership in minerals does not lapse within six years after the recording of the surface owner's claim.)
The obvious intent of section 706.057 is to lapse the ownership rights of the separate mineral rights owners who have failed to exercise those rights for twenty years and to merge the lapsed mineral rights with the surface fee owners' rights. The United States Supreme Court held in Texaco, Inc. v. Short, 454 U.S. 516
(1982), that states constitutionally can impose on property owners reasonable requirements which indicate an intention to retain property rights and that the requirements can be retroactive. The Court upheld an Indiana law that lapsed ownership rights because of lack of use, similar to the law under consideration here, if the law provided for the adequate giving of notice to afford affected owners an opportunity to assert neglected ownership rights.
In enacting section 706.057, the Legislature determined that ownership of lapsed mineral rights would go to whichever of the owners record their claim first. Thus, in my opinion, surface owners would be well advised to record their claims to lapsed mineral rights in order to foreclose the right of separate mineral right owners to cure the lapse. It follows also that a separate mineral rights owner whose claim has lapsed should record the claim to cure the lapse if the surface owner has not already recorded a claim to the mineral rights.
DJH:WHW *Page 64